**Dismiss and Opinion Filed October 23, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01390-CV

**BRIAN ANTHONY BERARDINELLI, Appellant**
**V.**
**NOVA LYNNE PICKELS, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-10998**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Lang

Brian Anthony Berardinelli, pro se, appeals the trial court's final judgment in favor of Nova Lynne Pickels. Judgment was rendered on Pickels's breach of contract claim because Berardinelli failed to make an appearance by filing an answer or other pleading. Pickels was awarded $213,469 in damages and attorney's fees.

Berardinelli raises five issues on appeal: (1) "[the trial court's final judgment] awarded [] Pickels [] a default judgment because [] Berardinelli missed the [trial,] not because any substantial evidence was presented"; (2) "[t]he Seller's Disclosure of Residential Contract for the [house] clearly states any knowledge of termite[s] that the Berardinelli's had at the time"; (3) "Pickel[s] has [not] submitted any proof of her claims only accusations against the Berardinelli's[] [i]nspection [c]ompany, [buyer's [a]gent[,] [and] [s]eller[']s agent"; (4) "Pickels had professional representation in purchasing the home and the Berardinelli[]s had professional

representation in selling the home. Miscommunication could not have happened between the buyer and seller because agents handle all communication, going out of their way not to let buyer and seller meet and talk"; and (5) "Pickel[]s left the home vacant for 8+ months after purchasing the home[, and] [l]eaving it untreated and not climate controlled is going against [the] recommendation [of] [the] inspection company.

We conclude that although given the opportunity to do so, Berardinelli's amended brief fails to comply with the briefing requirements set out in Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1(g), (i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896–97 (Tex. App.—Dallas 2010, no pet.). Berardinelli's appeal is dismissed. *See* TEX. R. APP. P. 42.3, 43.2(f); *Bolling*, 315 S.W.3d at 895–96.

## I. WAIVER FOR FAILURE TO ADEQUATELY BRIEF

Pickels argues that Berardinelli has failed to address the *Craddock* elements as he does not identify any excuse for failing to make an appearance and thereby allowing the default judgment at the trial level. Also, Pickels argues Berardinelli failed to request and include a copy of the reporter's record.

### A. Applicable Law

Texas Rule of Appellate Procedure 34.6(b)(1) requires the appellant to request, in writing, that the official reporter prepare the reporter's record at or before the time for perfecting the appeal. TEX. R. APP. P. 34.6(b). The appellant must file a copy of the request with the trial court clerk. TEX. R. APP. P. 34.6(b)(2). However, an appellate court must not refuse to file a reporter's record or a supplemental reporter's record because of a failure to timely request it. TEX. R. APP. P. 34.6(b)(3).

The Texas Rules of Appellate Procedure have specific requirements for briefing. TEX. R. APP. P. 38; *Lynd v. State Fair of Texas*, No. 05-10-00831-CV, 2012 WL 92980, *1 (Tex. App.—

Dallas Jan. 11, 2012, pet. denied) (mem. op.). Texas Rule of Appellate Procedure 38.1(g) requires appellate briefs to contain a statement of facts that is supported by record references. *See* TEX. R. APP. P. 38.1(g). If record references are not made or are inaccurate, misstated, or misleading, "the brief fails." *Bolling*, 315 S.W.3d at 896.

Also, Texas Rule of Appellate Procedure 38.1(i) requires appellate briefs to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). This requirement is not satisfied by merely making brief conclusory statements unsupported by legal citations. *See Valadez v. Avita*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). If an appellate court is not provided with existing legal authority that can be applied to the facts of the case, "the brief fails." *Bolling*, 315 S.W.3d at 896. The failure to cite to applicable authority or provide substantive analysis waives an issue on appeal. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

It is the appellant's burden to properly raise and discuss the issues presented for review. *See Gilbert v. City of El Paso*, 327 S.W.3d 332, 335 (Tex. App.—El Paso 2010, no pet.); *Valadez*, 238 S.W.3d at 845. Pro se litigants are held to the same standards as attorneys and must comply with all applicable and mandatory rules of pleading and procedure. *De Mino v. Sheridan*, 176 S.W.3d 359, 369 n.17 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Pro se litigants may not be versed in the form of briefing favored by seasoned appellate practitioners. *Bolling*, 315 S.W.3d at 895. However, appellate courts examine briefs for compliance with prescribed briefing rules, including, Texas Rule of Appellate Procedure 38.1. *Bolling*, 315 S.W.3d at 895.

Appellate courts must construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d

–3–

423, 427 (Tex. 2004); *see* TEX. R. APP. P. 38.9; *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied). When deciding whether an appellant's brief is deficient, an appellate court does not adhere to any rigid rule about the form of a brief. *Bolling*, 315 S.W.3d at 895. However, an appellate court cannot consider documents or hearings that are cited in the brief and attached as appendices if they are not formally included in the record on appeal. *Burke*, 169 S.W.3d at 775. If an appellate court concludes that a brief complies with the Texas Rules of Appellate Procedure, the appellate court submits the appeal for review and decision on the merits. *Bolling*, 315 S.W.3d at 895. When the appellate issues are unsupported by argument or lack citation to the record or legal authority, nothing is presented for review. *See Republic Underwriters Ins.*, 150 S.W.3d at 427; *Valadez*, 238 S.W.3d at 844–45. In that case, if the appellate court has already sent a notice, stating, "[the] [f]ailure to file an amended brief that complies with the Texas Rules of Appellate Procedure within 10 days . . . may result in dismissal of this appeal without further notice," an appellate court may dismiss the appeal pursuant to Texas Rule of Appellate Procedure 43.2(f) as authorized under rule 42.3. *Bolling*, 315 S.W.3d at 895–96; *see also* TEX. R. APP. P. 42.3, 43.2(f).

It would be inappropriate for an appellate court to attempt to re-draft and articulate what it believes an appellant intended to raise as error on appeal. *See Gilbert*, 327 S.W.3d at 335; *Valadez*, 238 S.W.3d at 845. An appellate court has no duty, or even right, to perform an independent review of the record and applicable law to determine if there was error. *See Gilbert*, 327 S.W.3d at 336; *Valadez*, 238 S.W.3d at 845. If an appellate court were to do so, even on behalf of a pro se appellant, it would be abandoning its role as a neutral adjudicator and become an advocate for that party. *See Gilbert*, 327 S.W.3d at 336; *Valadez*, 238 S.W.3d at 845.

## B. *Application of the Law to the Facts*

The trial court's judgment states, "A record of the proceeding was made." After Berardinelli filed his timely notice of appeal, this Court sent an order dated February 19, 2013, to Sheretta Martin, the court reporter for the 162nd Judicial District Court, requiring a reporter's record to be filed or that this Court be sent "written verification that [Berardinelli] has not been found indigent and has not requested or paid for the [reporter's] record." A letter from Martin, the district court reporter, was filed in this Court on March 20, 2013, in response to the order of this Court, that said she "ha[d] not been contacted to prepare a Reporter's Record in this case." *See* TEX. R. APP. P. 34.6(b)(1). In his reply brief, Berardinelli claims that he "did request court records on Tuesday, May 21, 2013 at 9:28 PM in an email to county court reporter Sheretta Martin. If this request was [not] processed [he] does [not] know why as he followed the directions of the court in contacting [] Martin." The clerk's record does not contain a written request for the preparation of the reporter's record by Berardinelli. *See* TEX. R. APP. P. 34.6(b)(2).

After Berardinelli filed his appellate brief, the Clerk of this Court sent him a notice advising that his brief did not satisfy the requirements of Texas Rule of Appellate Procedure 38 and specifying numerous deficiencies. The notice also advised Berardinelli that the "[f]ailure to file an amended brief that compiles with the Texas Rules of Appe[]llate Procedure within 10 days of the date of this letter may result in dismissal of this appeal without further notice from the Court."

Berardinelli filed an amended brief. However, his amended brief does not contain a statement of facts. *See* TEX. R. APP. P. TEX. R. APP. P. 38.1(g). Also, Berardinelli's amended brief raises five issues, is a total of six pages in length, and contains only one and three quarters of a page of argument. Nowhere in his amended brief or in his reply brief does Berardinelli cite

to the record.  *See* TEX. R. APP. P. 38.1(i), 38.3.  He cites only to documents contained in his appendix.  *See Burke*, 169 S.W.3d at 775 (appellate court cannot consider documents in appendix that are not in record on appeal).  Further, in his reply brief, Berardinelli cites generally to "real estate law" and "*Craddock*."[1]  He offers no citation to those purported authorities.  Berardinelli concedes the trial court's final judgment was a default judgment as a result of his failure to appear.  In his reply brief, he makes an argument as to how "*Cradock*" [sic] demonstrates the alleged trial court error.  *See Myan Mgmt. Group, L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750, 754 n.1 (Tex. App.—Dallas  2009, no pet.) (reply brief may not be used to raise new issues even to refute matter raised in appellee's response); *see also* TEX. R. APP. P. 38.3 (appellant may file a reply brief addressing any matter in the appellee's brief).  Yet, with no citation to the record, the argument is insufficient.

Berardinelli was given the opportunity to file an amended brief.  However, the amended brief fails to comply with the briefing requirements set out in Texas Rule of Appellate Procedure 38.1.  *See* TEX. R. APP. P. 38.1(g), (i); *Bolling*, 315 S.W.3d at 895‒96.  Accordingly, this Court is authorized to dismiss Berardinelli's appeal.  *See* TEX. R. APP. P. 42.3; *Bolling*, 315 S.W.3d at 895‒96.

---

[1]  We assume his citation to "Craddock" is to *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).

## II.  CONCLUSION

Berardinelli has failed to comply with the briefing requirements set out in Texas Rule of Appellate Procedure 38.1.  *See Bolling*, 315 S.W.3d at 895–96.

Berardinelli's appeal is dismissed.  *See* TEX. R. APP. P. 43.2(f).


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


121390F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRIAN ANTHONY BERARDINELLI, Appellant

No. 05-12-01390-CV      V.

NOVA LYNNE PICKELS, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-10998.
Opinion delivered by Justice Lang. Justices Bridges and Evans participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee NOVA LYNNE PICKELS recover her costs of this appeal from appellant BRIAN ANTHONY BERARDINELLI.

Judgment entered this 23rd day of October, 2014.