

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00128-CV

## IN THE INTEREST OF G.C., M.C., AND H.C., CHILDREN

**From the County Court at Law
Bosque County, Texas
Trial Court No. CV14084**

## MEMORANDUM OPINION

K.B.L. appeals from a judgment that terminated his parental rights to his children, M.C. and H.C. In his sole issue, K.B.L. complains that the trial court used an incorrect burden of proof in its determination that his rights should be terminated pursuant to section 161.001 of the Family Code because the children are Indian children. TEX. FAM. CODE ANN. § 161.001 (West 2014). The trial court's judgment recites that the trial court found by clear and convincing evidence that termination of his parental rights was in the children's best interest and that K.B.L. had committed the predicate acts set forth in section 161.001(1) (D), (E), (F), (P), and (Q). *See* TEX. FAM. CODE ANN. § 161.001(1) (D), (E), (F), (P), (Q) and (2). K.B.L. argues that section 1912(f) of the Indian

Child Welfare Act requires that the burden of proof for the trial court's findings regarding the predicate acts pursuant to Family Code section 161.001(1) and the best interest determination pursuant to section 161.001(2) is beyond a reasonable doubt rather than the clear and convincing standard used in traditional termination proceedings.[1]  *See* 25 U.S.C.A. § 1912(f); TEX. FAM. CODE ANN. § 161.001.  Because we find no reversible error, we affirm the judgment of the trial court.

The Indian Child Welfare Act was passed by Congress in response to the "rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32, 109 S. Ct. 1597, 1599-1600, 104 L. Ed. 2d 29 (1989); *see also In the Interest of J.J.C.*, 302 S.W.3d 896, 899 (Tex. App.—Waco 2009, no pet.).  The ICWA applies to all state child custody proceedings involving an Indian child when the court knows or has reason to know an Indian child is involved.  25 U.S.C.A. § 1912(a); *J.J.C.*, 302 S.W.3d at 900.

Section 1912(f) of the ICWA states:

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that

---

[1] There is no dispute that the children are "Indian children" pursuant to the ICWA nor is there any dispute regarding notice to the Indian tribe.

the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C.A. 1912(f). K.B.L. argues that this section requires that the predicate findings set forth in section 161.001(1) of the family code as well as the best interest finding set forth in section 161.001(2) must also be found beyond a reasonable doubt. The Department argues that the findings required by the ICWA are separate and distinct from section 161.001, and the two statutes are not in conflict with each other.

There is little authority within the State of Texas interpreting the ICWA and its potential preemption of the Texas Family Code as it relates to the proper burden of proof to be used in termination proceedings. The Tyler Court of Appeals has recently addressed the issue of whether the ICWA preempts the Family Code or whether the two can be harmonized to give effect to each. *See In re K.S.*, 448 S.W.3d 521, 533 (Tex. App.—Tyler 2014, pet. denied). After a thorough and well-reasoned discussion of preemption and how other courts throughout the United States have interpreted the interplay between section 1912(f) of the ICWA and each state's termination laws, the Tyler court determined that section 1912(f) of the ICWA does not preempt section 161.001 of the Family Code and that it is not error for a court to consider both in determining whether the parent-child relationship should be terminated. *K.S.* 448

S.W.3d at 530-533.[2]  In fact, by the concurrent application of the ICWA and the family code to proceedings involving Indian children, additional protection is provided to parents of Indian children because it requires the party seeking termination to prove state and federal grounds before the parent-child relationship may be terminated.  *See* 25 U.S.C.A. § 1921; *K.S.*, 448 S.W.3d at 532.  The Tyler court further determined that it is appropriate to use the clear and convincing evidence standard in analyzing the sufficiency of the evidence relating to section 161.001 of the Family Code.  *K.S.* 448 S.W.3d at 536.

We agree with the Tyler court of appeals's analysis and hold that, under the facts of this proceeding, section 1912(f) is not in conflict with section 161.001 of the family code.  By doing so, we further hold that section 1912(f)'s requirement of a finding beyond a reasonable doubt is limited to the finding expressly stated in section 1912(f) that "the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.[3]"  We overrule K.B.L.'s sole issue.

---

[2] *But see In re W.D.H.*, 43 S.W.3d 30 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) in which the Houston court of appeals found that section 1912(f) of the ICWA and section 161.001 of the Family Code cannot be harmonized and therefore, section 1912(f) preempts section 161.001.

[3] We note that K.B.L. has not complained of the trial court's failure to make this finding in the judgment; therefore, that issue is not before us.  *See Gilbert v. City of El Paso*, 327 S.W.3d 332, 335 (Tex. App. — El Paso 2010, no pet.) (Appellate court has no discretion to consider an issue not raised in the appellant's brief in a civil case, even if the ends of justice so require.)  Because of this, we do not address the Department's argument that the finding in the judgment that the Department complied with the ICWA is a sufficient finding.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 13, 2015
[CV06]

